IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION



FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 20 2023

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

**AARON HURST**                                            **PLAINTIFF**

v.                     Case No. 3:23-CV-00195-BSM

**DMC, LLC**                                               **DEFENDANT**

*This case assigned to District Judge Miller and to Magistrate Judge Kearney*

### ORIGINAL COMPLAINT

COMES NOW Aaron Hurst, by and through his attorney Chris Burks of WH LAW, for his Original Complaint against DMC, LLC, he does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff lawful minimum wage and overtime compensation for hours worked in excess of forty (40) hours per week.

2. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

### II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

5. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

6. The acts complained of herein were committed and had their principal effect within the Eastern District of Arkansas. Accordingly, venue is proper within this District pursuant to 28 U.S.C. § 1391.

7. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

8. The witnesses to overtime wage violations alleged in this Complaint reside in this District.

9. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenge are located in this District.

### III. THE PARTIES

10. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Plaintiff is a resident and citizen of Izard County.

12. Plaintiff Aaron Hurst was employed by Defendant as an hourly-paid employee within the three years relevant to this lawsuit.

13. At all material times, Plaintiff has been entitled to the rights, protection, and benefits provided under the FLSA and AMWA.

14. Defendant DMC, LLC, is a limited liability company headquartered in North Carolina.

15. Defendant DMC, LLC, is able to be served via its agent for service, Corporation Service Center, Inc., at 8801 Fast Park Dr., Ste. 301, Raleigh, NC 27617.

16. Defendant DMC, LLC is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

17. Defendant is an installer of internet cable fiber and cable.

18. During the time period relevant to this case, Plaintiff was employed by Defendant to install fiber optic cable in Arkansas.

19. Defendant has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others, such as raw material used to install aerial fibers and cables.

20. Defendant DMC, LLC's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this complaint.

## IV.   FACTUAL ALLEGATIONS

21. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

22. During part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendant installing fiber optic cable.

23. Plaintiff regularly worked between forty (40) and sixty (60) hours per week during his employment with Defendant.

24. Plaintiff was paid a set rate of pay based on the amount of cable he installed for Defendant, which was tracked via an Excel spreadsheet.

25. Defendant paid Plaintiff via mobile payment services like Cash App or Apple Pay, remitting payment for a workweek three weeks after that week had been completed.

26. Defendant stopped paying Plaintiff on June 9, 2023.

27. Plaintiff continued working his regular shifts.

28. As a result of Defendant's failure to pay Plaintiff for work he had already performed and jobs he had submitted to Defendant, Plaintiff is owed a minimum wage for at least three weeks of work he completed.

29. Additionally, Defendant's practice of paying Plaintiff a set rate of pay based on the amount of cable he installed resulted in Plaintiff not being paid a lawful overtime rate for all hours worked over forty (40) in a workweek.

30. Defendant knew, or showed reckless disregard for whether, the way they paid Plaintiff violated the FLSA and AMWA.

## V.   FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of FLSA)

31. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

32. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

33. During the period relevant to this lawsuit, Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

34. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff a minimum wage for all hours worked under forty (40) in each one-week period, and an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) hours in each one-week period.

35. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary, and in bad faith.

36. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

37. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.   SECOND CLAIM FOR RELIEF
### (Individual Claims for Violation of the AMWA)

38. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

39. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

40. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

41. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times regular wages for all hours worked over forty (40) hours in a week unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

42. Arkansas Code Annotated §11-4-210 requires employers to pay all employees a minimum wage of not less than eleven dollars ($11.00) per hour beginning January 1, 2021.

43. Defendant failed to pay Plaintiff a lawful minimum wage and all overtime wages owed as required under the AMWA.

44. Defendant has failed to pay Plaintiff for all hours worked during his employment with Defendant.

45. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

46. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

47. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Aaron Hurst respectfully prays that Defendant be summoned to appear and to answer herein as follows:

(A) That Defendant be required to account to Plaintiff and the Court for all of the hours worked by Plaintiff and all monies paid to them;

(B) A declaratory judgment that Defendant's practices violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(C) A declaratory judgment that Defendant's practices violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(D) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(E) Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(F) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

(G) Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations, in an amount equal to all unpaid overtime compensation owed to Plaintiff during the applicable statutory period;

(H) An order directing Defendant to pay Plaintiff pre-judgment interest, reasonable attorney's fees, and all costs connected with this action; and

(I) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**AARON HURST, PLAINTIFF**

WH Law | We Help
1 Riverfront Pl. – Suite 745
North Little Rock, AR 72114
(501) 891-6000

By: *Chris Burks*
Chris Burks (ABN: 2010207)
chris@wh.law